UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Maribeth L Taylor<br><br>    Plaintiff,<br><br>        v.<br><br>SUNSEA ENERGY LLC; SUNSEA ENERGY NJ, LLC; SUNSEA ENERGY HOLDINGS, LLC.; JOHN DOE 1-100: JOHN DOE LLC.1-50; XYZ CORPORATION 1-10; EZE SALES & MARKETING INC.; JACOB ADIGWE. DANIEL ADIGWE, EBERE GOODLUCK, PROGRESSIVE LIGHT AND POWER, LLC, PROGRESSIVE LIGHT AND POWER.<br><br>    Defendants. | Civil Action No.: **2:24-cv-348** |

## AMENDED COMPLAINT AND DEMAND

Maribeth L Taylor, pro se litigant, requests Amending complaint to add John Doe 1-100, John Doe LLC 1-50 and XYZ Corporation 1-10 as Defendants as it has come to light that previously named Defendants may be alleging actions of individuals or entities other than Defendants may constitute an intervening, superseding cause of any damages. Plaintiff additionally amends complaint, to exhibit her attempts to mitigate the impact of unwanted calls and added Factual Allegations.  Plaintiff Amends complaint to settle a claim for piercing of the corporate veil. A critical factor at play, Plaintiff puts forth as disclosed in Defendants' Rule 26 disclosure: **insurance coverage**. Specifically, the disclosure states that "Defendants do not possess insurance applicable to this matter."

By way of this Complaint, Plaintiff alleges the following and seeks damages against Defendants Sunsea Energy LLC, Sunsea Energy NJ, LLC; Sunsea Energy Holdings, LLC., John Doe 1-100, John Doe LLC 1-50, XYZ Corporation 1-10, Progressive Light and Power, LLC, Progressive Light and Power, Eze Sales & Marketing Inc.; Jacob Adigwe. Daniel Adigwe, Ebere Goodluck, as follows:

### INTRODUCTION

Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq, the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. and the Pennsylvania's 1996 Telemarketer Registration Act (TRA) et seq.

### NAME AND ADDRESS

1. Plaintiff, I Maribeth L Taylor principal place of resident 1215 Holmes St McKees Rocks, PA 15136, owner of telephone number 412-771-6116.

2. Defendants SunSea Energy LLC; SunSea Energy NJ, LLC; and SunSea Energy Holdings, LLC (collectively "SunSea") having their principal place of business at 1930 Marlton Pike East, Suite N73, Cherry Hill, NJ 08003 Other addresses may include 300 Macdade Blvd Darby, PA 19023 and 1451 Chews Landing Road, Clementon, New Jersey 08021.

3. Defendant Eze Sales & Marketing Inc. ("Eze") is a Pennsylvania corporation, having a principal place of business at 306 E Essex Avenue, Lansdowne, Pennsylvania 19050 (484)494-0562

2

4. Defendant Jacob Adigwe, a resident of Pennsylvania, owner of the SunSea entities. Residing at 2031 Ravenwood Rd. Folcroft, PA 19032 (215) 758-4077

5. Defendant Jacob Adigwe owner of Eze Sales & Marketing Inc.

6. Defendant Daniel Adigwe, Managing Partner and President of Progressive Light and Power LLC. Home address 93 Barker Ave, Sharon Hill, PA 19079 The company's principal address is 300 Macdade Blvd. Collingdale, PA 19023

7. Ebere Goodluck serves as Vice President, Operations at Progressive Light and Power, 2031 Ravenwood Drive, Folcroft PA 19032. The company's principal address is 300 Macdade Blvd, Collingdale, PA 19023. Goodluck home address 400 Glendale Rd. #41J, Havertown, PA. 19083. (267) 227-6188

8. John Does 1-100, John Doe LLC 1-50, XYZ Corporations 1-10, are to include potential unknown defendants that conducted business for or on behalf of defendants 1-7 by direction, contract, subcontract or any other means. Addresses and phone numbers are undetermined at this time.

## JURISDICTION

9. Jurisdiction is appropriate pursuant to 27 U.S.C. § 1332 because Maribeth L Taylor and some Defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.00.

10. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

11. Some of Defendant's headquarters are based in the State of New Jersey

12. This action is properly venue in this District because, among other things, Defendants conduct business in this District and many of the actions giving rise to this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

13. At all times relevant hereto, Plaintiff maintained a landline telephone, the number which was (412) 771-6116.

14. At all times relevant hereto, Plaintiff primarily use of phone was for personal purposes.

15. Plaintiff registered phone number (412) 771-6116 on the National Do Not Call Registry on or around May 20, 2004.

16. Plaintiff registered phone number (412) 771-6116 on the Pennsylvania State Do Not Call list on or around January 13,2020.

17. Plaintiff registered (412) 771-6116 phone number on the Do Not Call lists to obtain solitude from unwanted telemarketing and solicitation calls. Plaintiff took several proactive steps to prevent such communications. These efforts demonstrate the plaintiff's reasonable actions to protect her privacy and avoid harassment.

18. Beginning in 2022, Defendant began calling Plaintiff on her (412) 771-6116 telephone to discuss with Plaintiff their energy plan.

19. Prior to receiving the calls from Defendant, Plaintiff had not sought information about energy plans.

20. Plaintiff did not consent to being contacted by Defendant.

21. The calls were not made for "emergency purposes," but rather for telemarketing purposes.

22. Despite registration on the Do Not Call Registry, both National and State, Defendant placed calls to Plaintiff on frequent occasions attempting to get Plaintiff to change her energy plan in which Plaintiff had no interest.

23. The Defendant placed at least 34 calls to Plaintiff home phone (412) 771-6116

24. Upon information and Knowledge, Plaintiff received additional calls from Defendant not included in the above.

25. To learn the identity of the business these harassing calls were being made on behalf of Plaintiff had to ask on several calls before finally a caller identified what company they were representing, the caller named Sunsea Energy. Plaintiff attempted to settle with Defendants once identified, On May 3, 2023, Plaintiff reached out to Defendants with no response.

26. Plaintiff repeatedly advised callers she was on the National and State DNC registry and requested to be added to the company's internal DNC list.

27. As a result of the foregoing, Plaintiff experienced anger, frustration, annoyance, and irritation caused by calls made by or on behalf of Defendant.

28. As a result of the foregoing, Plaintiff felt her residence was trespass to 412-771-6116 by defendant's telemarketing robocalls utilized the plaintiff's phone without permission.

29. As a result of the foregoing Plaintiff felt these telemarketing calls were intrusive upon seclusion, and invasion of plaintiff's privacy.

30. As a result of the foregoing the "unwanted calls" caused the types of tangible and intangible harms to Plaintiff wasting plaintiffs time and potentially causing risk of injury by interrupting or distracting plaintiff, all which are harms that satisfy Article III standing.

31. Defendant's acts as described were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law

32. At the time Plaintiff received calls from Defendant Plaintiff was over 60 years of age.

33. Plaintive is seeking damages: Court Cost all filing fees, all charges incurred throughout this procedure including but not limited to investigation for information, printing and mailing cost, all cost afforded to plaintiff for each violation and any cost that Plaintiff may have inadvertently missed.
Pro Se, Plaintiff Maribeth L. Taylor reserves the right to update damages as the case is ongoing.

## **COUNT I DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227 et seq**

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth herein.

35. Defendants' calls violated TCPA which, prohibits placing calls using an automatically generated or prerecorded voice to a telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

36. Defendant violated The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2)

37. Defendant violated US Code according to 47 CFR #167;64.1200 Subpart L: Failure to add plaintiff number to DNC list  47 CFR #167;64.1200(e)(2)(iii) Failure to honor DNC request.

38. Most if not all calls began with a pre-recorded message which demonstrates Defendants' violation of FCC US Code. Each call delivered a prerecorded message to plaintiff residential telephone line using a prerecorded voice without plaintiff consent, in violation of 47 CFR 64.1200(a)(2):

39. Defendants' action was in violation of 47 CFR 64.1200(b)(1); Each call delivered a prerecorded message without providing Plaintiff sufficient information about the caller.

40. Defendant violation of Each call that delivered a prerecorded message without providing a telephone number for the caller, in violation of 47 CFR 64.1200(b)(2);

41. Defendant actions was in violation since Each call violated the TCPA prohibition against the spoofing of the "initiating" telephone number. 47 CFR #167;64.1200(e)(2)(iii) Failure to honor DNC request.

42. Defendant's calls were not made for "emergency purposes."

43. Defendant's calls to Plaintiff's telephone were without any prior express consent.

44. Defendant contacted Plaintiff even though Plaintiff's number has been on National Do Not Call Registry on or around May 20, 2004

45. Defendant contacted Plaintiff even though Plaintiff's number has been on the Pennsylvania State Do Not Call list on or around January 13, 2020

46. The Defendant violated The Telephone Consumer Protection Act 10. recognized that "[u]nrestricted telemarketing can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

47. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

48. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right,

   legal defense, legal justification or legal excuse

49. Defendant violation with each call failed to provide caller identification information that could be used to place a do-not-call request, in violation of 47 CFR 64.1601(e)(i):

50. As a result of the above violations of the TCPA, Plaintiff is requesting damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### **COUNT II Defendant Violated the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq.**

51. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

52. Defendants violated Pennsylvania Unfair Trade Practices and Consumer Protection Law,73, P.S. § 201-1et seq.  General rule -- In addition to any other requirements imposed by law, a telemarketer or the telemarketing business which employs the telemarketer is required to register with the Office of Attorney General at least 30 days prior to offering for sale consumer goods or services through any medium.

53. Defendant violated that provision by placing solicitation calls without being registered with the Pennsylvania Attorney General. §2243. Registration requirement.

54. Defendant violated Pennsylvania Unfair Trade Practices and Consumer Protection Law, § 2245.1 Blocking of caller identification and other telemarketing screening products or services.

55. Defendant violated Pennsylvania Unfair Trade Practices and Consumer Protection Law, §2245.2 Unwanted telephone solicitation calls prohibited.

56. As a result of the above violations of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law, Plaintiff is requesting damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III Defendant Violated the Pennsylvania's 1996 Telemarketer Registration Act (TRA)

57. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

58. Defendant violated Pennsylvania 1996 Telemarketer Registration Act (TRA) in connection with telephone solicitation calls. under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTP/CPL).12 Willful violations of the UTP/CPL carry a civil penalty of up to $1,000, or $3,000 if the person contacted is age 60 or older.

59. As a result of the above violations of the Pennsylvania's 1996 Telemarketer Registration Act (TRA) Plaintiff is requesting damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

60. No prior business relationship existed between the Defendants and Plaintiff, and Plaintiff did not give permission to be called.

**61.** The plaintiff Maribeth L. Taylor is a resident of Pennsylvania and owner of phone number 412-771-6116, who has been continuously harassed by unwanted phone calls from the defendants. Who violated both the Federal and State Consumer protection laws.

Wherefore, Plaintiff, Maribeth L. Taylor, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227)

b. Statutory damages of $500.00 per violation per telephone call for each act U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2), 47 U.S.C. § 227(b)(1)(A)(iii), 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2), 47 CFR #167;64.1200, 47 CFR #167;64.1200(e)(2)(iii), 47CFR 64.1200(a)(2):, 47 CFR 64.1200(b)(1), 47 CFR 64.1200(b)(2); 47 CFR #167;64.1200(e)(2)(iii), 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227). and 47 CFR 64.1601(e)(i):

c. Treble damages of $1,500.00 per violative per telephone call (as provided under 47 U.S.C. § 227(b)(3)); et seq. Per each act stated above.

e. Additional treble damages of $1,500.00 per violative telephone call

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c));

g. Statutory damages of violated Pennsylvania Unfair Trade Practices and Consumer Protection Law,73, P.S. § 201-1et seq

h. Additional treble damages of violated Pennsylvania Unfair Trade Practices and Consumer Protection Law,73, P.S. § 201-1et seq

i. Statutory and treble damages of all other violations stated in Counts I, II and III for all 34 calls plaintiff has document and all incoming calls on 412-771-6116 that will be confirmed from information obtained from Plaintiffs telephone service provider requested via subpoena July 2024.

j. All Punitive damages this Honorable Court deems appropriate for Defendants malicious, intentional, willful, reckless, wanton and negligent actions.

WHEREFORE Maribeth L Taylor, request judgment in her favor against Defendants Sunsea Energy LLC, Sunsea Energy NJ, LLC; Sunsea Energy Holdings, LLC., John Doe 1-100, John Doe LLC 1-50, XYZ Corporation 1-10, Progressive Light and Power, LLC, Progressive Light and Power, Protel Marketing Inc.; Eze Sales & Marketing Inc.; Jacob Adigwe. Daniel Adigwe, and Ebere Goodluck, and jointly and severally, for damages **in excess of $820,000.00**, injunctive relief preliminarily and permanently restraining and enjoining Defendants from further misconduct, treble damages, punitive damages, legal fees, costs of suit, and all other legal and equitable relief this Court may deem just.

### CERTIFICATION UNDER L. CIV. R. 11.2

I hereby certify that, to the best of plaintiff knowledge, the matter in controversy herein is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: July 25, 2024

/S/    Maribeth L Taylor
MARIBETH L TAYLOR
1215 Holmes St
McKees Rocks, PA 15136
mbtaylor@mail.com   412-771-6116