**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIBETH TAYLOR, | ) | |
| | ) | Case No. 2:24-cv-00348-KT |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| SUNSEA ENERGY LLC, *et al.*, | ) | |
| | ) | ECF No. 96 |
| *Defendants*. | ) | |

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Partial Motion for Reconsideration. ECF No. 96. For the reasons that follow, Defendants' motion will be denied.[1]

Plaintiff is a resident of Pennsylvania who has taken steps to place her residential telephone number on national and state "do not call" lists. ECF No. 39 ¶¶ 1, 13-17. Plaintiff has alleged that Defendants made repeated calls to her residential telephone line in violation of certain federal and state consumer protection laws. *Id.* ¶¶ 18-26. More particularly, Plaintiff alleges that Defendants –or individuals acting as agents for Defendants– made "at least 34" unsolicited and unwanted telephone calls to her residential telephone number in 2022 and 2023. *Id.* ¶¶ 18-23. Defendants

[1] In accordance with the provisions of 29 U.S.C. § 636(c)(1), all served parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 2 and 18. The only parties who have not been served are "John Doe" defendants identified only as John Doe 1-100, John Doe LLC 1-50 and XYZ Corporation 1-10. While unserved defendants generally must also consent for a magistrate judge to exercise jurisdiction based on "consent of the parties" under that statute, see *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), this Court is unaware of any decision holding that consent is necessary from defendants who are both unserved and unidentified. *See, e.g., Davis v. Wetzel*, No. 23-CV-208, 2024 WL 474711 (W.D. Pa. Feb. 7, 2024).

are alleged to be corporate entities and their respective principals who provide and/or market energy services to potential consumers in several states, including Pennsylvania. *Id.* ¶¶ 2-7.

Following the close of discovery, Defendants filed a motion for summary judgment. *See* ECF Nos. 74-77. Plaintiff filed responses to the Defendants' summary judgment papers, *see* ECF Nos. 80-83. By Memorandum Opinion and Order issued on September 16, 2025, the Court granted the motion as to all claims against Defendants Jacob Adigwe, Daniel Adigwe, Eberle Goodluck and Eze Sales & Marketing Inc. With respect to the remaining Defendants, Sunsea Energy LLC; Sunsea Energy NJ, LLC; Sunsea Energy Holdings, LLC; Progressive Light and Power, LLC and Progressive Light and Power, the Motion for Summary Judgment was granted as to Counts II and III of Plaintiff's Third Amended Complaint. The Motion was further granted as to Plaintiff's claims against these Defendants at Count I under 47 U.S.C. § 227(b)(1)(A)(iii) and 47 US.C. § 227(b)(1)(C). Defendants' motion was denied as to Plaintiff's claims under 47 U.S.C. § 227(b)(1)(B) and the supporting regulations. All John Doe Defendants were also dismissed and terminated from the docket. *See* ECF Nos. 91, 92. The matter was subsequently scheduled for a trial by jury, to commence on April 20, 2026. ECF Nos. 94, 97.

On October 29, 2025, Defendants filed a Partial Motion for Reconsideration. ECF No. 96. Therein, Defendants contend that they are entitled to judgment on Plaintiff's claim based on Section 227(b)(1)(B) of the Telephone Consumer Protection Act (47 U.S.C. § 227(b)(1)(B)). Specifically, Defendants argue that, because this section prohibits the initiation of "any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ," *id.*, the fact that Plaintiff testified that the two calls she identified as initiated by Defendants "were made by live callers" means that she

"does not have a viable claim under § 227(b)(1)(B)." ECF No. 96 at 3-5.[2] Plaintiff has not filed a response to the motion.

Initially, Defendants' motion is untimely. Per the Court's Practices and Procedures, "Motions for reconsideration must be filed within seven (7) days of the order at issue." *See* Practices and Procedures of Magistrate Judge K. Taylor, at ¶ II.J.[3] Here, Defendants' motion was filed on October 29, 2025, some 44 days after the Court's Memorandum Opinion and Order were filed. Defendants' motion would also be untimely if considered under Rule 59 of the Federal Rules of Civil Procedure, which mandates that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

In any event, the Court will deny the motion on the merits. The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotation marks omitted). Moreover, evidence that is not newly discovered may not be submitted in support of a motion for reconsideration. *Harsco Corp.*, 779 F.2d at 909 (citing *DeLong Corp. v. Raymond Int'l Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980)). Therefore, motions for reconsideration will be granted only where a party demonstrates: "(1) an intervening change in controlling law; [or] (2) the availability

[2] It is not clear from the motion whether Defendants also seek reconsideration of the Court's ruling with respect to Plaintiff's claim under Section 227(c)(5) of the TCPA. *See* ECF No. 96 at 5. However, the Court granted summary judgment as to that claim. *See* ECF No. 90 at 11-12.

[3] A copy of the Court's Practices and Procedures can be found at: https://www.pawd.uscourts.gov/sites/pawd/files/Taylor_Practices_Procedures_02_16_24.pdf

of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

"A motion for reconsideration is not an opportunity for a party to present previously available evidence or new arguments." *Federico v. Charterers Mut. Assurance Ass'n*, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001) (quoting *Fed. Deposit Ins. Corp. v. Parkway Exec. Office Ctr.*, Nos. 96-CV-121, 96-CV-122, 1997 WL 611674, at *1 (E.D. Pa. Sept. 24, 1997)) (citations omitted) (internal quotation marks omitted). "A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *McNeal v. Maritank Phila., Inc.*, No. 97-CV-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999) (citing *Vaidya v. Xerox Corp.*, No. 97-CV-547, 1997 WL 732464, at *2 (E.D. Pa. Nov. 25, 1997)).

In the case at bar, Defendants ask the Court to reconsider the Memorandum Opinion and Order but do not identify which of the available grounds such reconsideration is sought. Defendants moved for summary judgment on the basis that there was no evidence to establish that any individual or corporate defendant made any of the calls identified by Plaintiff. *See* ECF No. 75 at 4-7. Defendants did not argue that any of the calls identified by Plaintiff failed to fall within the ambit of the applicable statute. *Id.* Thus, Defendants may not seek reconsideration based on "a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." *McNeal*, 1999 WL 80268, at *4. Further, the Court observes that Plaintiff has alleged that Defendants "deliver[ed] prerecorded messages without consent" in violation of the underlying regulations. *See* ECF No. 83 ¶ 7.a. Thus, Plaintiff will be afforded the

opportunity to connect the calls she received wherein the corporate defendants were identified with the prerecorded calls she allegedly received.

For the above stated reasons, Defendants' Partial Motion for Reconsideration will be denied. A separate Order will be entered.

Dated: December 18, 2025.

**BY THE COURT**

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge